# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-09287-RGK-PJW | Date | May 23, 2018 |
|---|---|---|---|
| Title | *STEVE FARZAM v. THE NATIONAL REGISTRY OF EMERGENCY MEDICAL TECHNICIANS et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants Doctor's Ambulance and Herren Enterprises' Motion to Dismiss for Lack of Jurisdiction [DE 33]; Plaintiff's Motion to Remand [DE 35]**

## I.    INTRODUCTION AND PROCEDURAL HISTORY

On November 29, 2017, pro se Plaintiff Steve Farzam ("Farzam"), a California resident, filed a form complaint in Los Angeles Superior Court alleging breach of contract against Defendant National Registry of Emergency Medical Technicans ("NREMT"), an Ohio resident. NREMT removed the action to federal court on the basis of diversity jurisdiction, and soon thereafter filed a motion to dismiss the complaint. In lieu of filing an opposition, Farzam filed a First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(1), which permits a party to amend a complaint once as a matter of right.

The FAC pled additional facts against NREMT and added three claims. In addition, the FAC purported to join defendants Robert Nieblas Enterprises, Doctor's Ambulance, Herren Enterprises, Inc., and Doctor's EMS Education (collectively, the "New Defendants"). It did not, however, plead any facts to implicate the New Defendants in the claims alleged.  Like Farzam, each New Defendant is a California resident.

NREMT filed another motion to dismiss the FAC, which the Court granted with leave to amend. Because of the FAC's failure to allege any facts against the New Defendants, the Court concurrently issued an order to show cause why the New Defendants should not be dismissed. Farzam has since filed a Second Amended Complaint ("SAC") that continues to assert claims for negligent misrepresentation, breach of contract, and breach of the covenant of good faith and fair dealing against both NREMT and the New Defendants.

Two motions are currently pending before the Court. First, Doctor's Ambulance and Herren Enterprises  move to dismiss the action under Rule 12(b)(1) on the grounds that the addition of the New Defendants destroyed the Court's diversity jurisdiction. Because the action was originally removed from state court, the Court construes this motion as one to remand.  Farzam does not oppose the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-09287-RGK-PJW | Date | May 23, 2018 |
|---|---|---|---|
| Title | *STEVE FARZAM v. THE NATIONAL REGISTRY OF EMERGENCY MEDICAL TECHNICIANS et al* | | |

Instead, he filed his own motion to remand on the same grounds. The original defendant NREMT opposes both motions. For the following reasons, the Court **DENIES** both motions to remand.

## II. JUDICIAL STANDARD

In considering a Rule 12(b)(1) motion, the Court begins with the principle that federal courts are courts of limited jurisdiction and presumptively lack jurisdiction over a civil action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must first determine if it has jurisdiction before proceeding to rule on the merits of the case. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Where, as here, the action was originally removed from state court, the case must be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## III. DISCUSSION

As an initial matter, the Court notes that Farzam filed his motion to remand only two days after meeting and conferring with NREMT's counsel, in violation of Local Rule 7–3. While the Court cautions Farzam against further violations of the Local Rules, the Court will nevertheless consider the merits of his motion as it goes to the threshold question of the Court's jurisdiction.

NREMT's original removal of this action to federal court was proper, as NREMT and Farzam are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. It is undisputed, however, that joining the New Defendants would destroy complete diversity because both the New Defendants and Farzam are citizens of California.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). Whether to permit joinder is within the sound discretion of the court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When deciding whether to allow amendment to add non-diverse defendants, Courts generally consider the following factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under [Rule] 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999).

NREMT argues the Court should deny joinder because (1) Farzam did not obtain permission from the Court to join the New Defendants and (2) the relevant factors weigh against permitting joinder. The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-09287-RGK-PJW | Date | May 23, 2018 |
|---|---|---|---|
| Title | *STEVE FARZAM v. THE NATIONAL REGISTRY OF EMERGENCY MEDICAL TECHNICIANS et al* | | |

Farzam added the New Defendants through a Rule 15(a)(1) amendment only after the action was removed to federal court. His SAC alleges that the New Defendants facilitate training and testing for NREMT and recommend whether applicants meet competency requirements for certification, but it does not allege specific facts to implicate the New Defendants in his claims. In his motion to remand, Farzam makes only the hollow argument that the New Defendants are implicated because Robert Nieblas Enterprises "performed advertised services on behalf of NREMT," and "the acts [alleged in this action] occurred at [the New Defendants'] facilities." (*See* Pl.'s Mot. to Remand 2–3.) The timing and content of Farzam's allegations against the New Defendants suggest they were added solely in an attempt to destroy diversity.

As NREMT argues, courts have required parties to seek leave to amend before joining diversity-destroying defendants following removal, even where the amendment is filed as a matter of right under Rule 15(a)(1). *See, e.g.*, *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999) (striking an amended complaint purporting to add diversity-destroying defendants and denying a motion to remand). The Court accordingly finds that, pursuant to 28 U.S.C. § 1447(e), Farzam was required to seek the Court's permission before joining the New Defendants in this action. He failed to do so, but as a matter of judicial efficiency the Court will construe his amended complaints as seeking leave to amend to add the New Defendants.

However, the Court further finds NREMT's arguments against permitting joinder in this case persuasive. As discussed above, it appears Farzam seeks to join the New Defendants solely to defeat federal jurisdiction, and the SAC does not allege valid claims against the New Defendants. In addition, joinder of the New Defendants is unnecessary for just adjudication of Farzam's claims against NREMT and an original action against the New Defendants would not be time-barred. Farzam had the opportunity to reply to NREMT's arguments but chose not to do so. The Court accordingly finds it unnecessary to permit Farzam an additional opportunity to respond, **denies** permission to join the New Defendants, and **strikes** the New Defendants from the SAC **without prejudice**. Because complete diversity exists between Plaintiff Farzam and Defendant NREMT and the amount in controversy exceeds $75,000, the Court maintains diversity jurisdiction over the action. The Court therefore **DENIES** the pending motions to remand.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-09287-RGK-PJW | Date | May 23, 2018 |
|---|---|---|---|
| Title | *STEVE FARZAM v. THE NATIONAL REGISTRY OF EMERGENCY MEDICAL TECHNICIANS et al* | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **strikes** the New Defendants from the SAC **without prejudice**, **DENIES** Doctor's Ambulance and Herren Enterprises' motion to dismiss, and **DENIES** Farzam's motion to remand for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer